UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marie Assa'ad-Faltas, M.D., M.P.H., | ) | C/A No. 3:07-186-TLW-JRM |
| *aka* Marie A. Faltas, | ) | |
| *aka* Marie-Therese Assa ad-Faltas, | ) | |
| *aka* Marie Therese H. Assaad-Faltas, | ) | |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| vs. | ) | |
| | ) | |
| President of the University of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Marie Assa'ad-Faltas ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Complaint names as sole defendant the President of the University of South Carolina. Plaintiff claims the Defendant, in his official capacity, violated her "constitutionally protected property right to a certificate of satisfactory completion" of a Preventive Medicine Residency at the University of South Carolina ("University"). Plaintiff seeks injunctive relief to "release her long-withheld certificate of completion" and enjoin the Defendant from making specific statements concerning Plaintiff's termination from employment with University. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* **and** *In Forma Pauperis* **Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### Discussion

**Section 1983 Claim**

The Complaint states that jurisdiction in this case is based on "general federal question and civil rights."  Plaintiff's claim that "her constitutionally protected property right" was "unjustifiably

2

withheld" makes a general allegation of violation of her constitutional rights, which are properly brought pursuant to 42 U.S.C. § 1983. Although not a cause of action itself, § 1983 is "'a method for vindicating federal rights elsewhere conferred.'" *See Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint sues the President of the University in his official capacity. The Eleventh Amendment to the United States Constitution applies to bar monetary damages claims under § 1983 against the state or state officials acting in their official capacity. In this case, the Complaint does not request monetary damages, but only requests injunctive relief.[2] A narrow exception to Eleventh Amendment immunity exists where state officials sued in their official capacity for injunctive relief are "persons" for purposes of § 1983 liability because official capacity actions for prospective relief are not treated as actions against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Court does not need to determine, however, if the Defendant is subject to suit or if

---

[2] The Complaint states:
> "Wherefore, Plaintiff prays this Court to order Defendant to release her long-withheld certificate of completion and enjoin him and all subordinates from claiming publicly or privately that *the merits* of her termination had been examined by any court unless and until they get examined under any theory by any court. She also prays this Court to order Defendant to show in full and true detail how and by whom her offer 'has been carefully considered' and order him to have it reconsidered by neutral objective entities."

In as much as Plaintiff requests the extraordinary remedy of mandamus relief to compel action by a government official, the Complaint fails to meet the heavy burden of the party seeking mandamus relief to show the elements of the "rigorous test" established by the Fourth Circuit in *In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001). *See also Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *Mallard v. United States Dist. Court*, 490 U.S. 296, 308 (1989).

Plaintiff has "a constitutionally protected property right to a certificate of satisfactory completion," as alleged.[3] The sufficiency of Plaintiff's § 1983 action does not need to be addressed because even presuming she properly sued a "person" acting under color of state law who violated a protected property interest, as she claims, Plaintiff has not timely filed her Complaint.

The Complaint alleges "Plaintiff satisfactorily completed a Preventive Medicine Residency at the University of South Carolina. That gave her a constitutionally protected property right to a certificate of satisfactory completion of that residency, which has been unjustifiably withheld from her for the past 14 years." Complaint at 1. Attached to the Complaint is a letter dated November 3, 2006, addressed to Dr. Andrew A. Sorenson, President of the University, which states Plaintiff "completed the USC Preventive Medicine Residency program in May-June 1991 and January 1992 to November 1993; yet I was denied my certificate and terminated under false pretexts of unsatisfactory performance...." Plaintiff claims to have completed the certificate program in 1993, and she filed this lawsuit on January 19, 2007.

The Complaint in this case should be dismissed as time-barred. As § 1983 does not specify a statute of limitations, the court must borrow the applicable limitations period from state law. *See Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999). The Supreme Court has counseled that, in civil rights cases, courts "should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). *See also Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000) (the court

---

[3]Property interests are not created by the Constitution but by some independent guarantee, primarily state law. *Kersey v. Shipley*, 673 F.2d 730, 732 (4th Cir. 1982) *citing Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Property interests, however, are protected by the Fourteenth Amendment's Due Process Clause, so can be pursued under 42 U.S.C. § 1983.

4

"look[s] to the general, residual statute of limitations for personal injury actions"); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996) (same); *McDougal v. County of Imperial*, 942 F.2d 668, 673 (9th Cir. 1991) (same). In South Carolina, the appropriate statute of limitations is the residual three-year period set forth in S.C. Code Ann. § 15-3-530(5).[4] Plaintiff's attempt to bring this § 1983 action more than thirteen years after the alleged constitutional violation occurred is barred by S.C. Code Ann. § 15-3-530(5), the applicable state statute of limitations. As Plaintiff's claim is time-barred, the Complaint should be dismissed. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (where a complaint shows on its face that the applicable statute of limitations has expired, dismissal for failure to state a claim is appropriate).

### *Res Judicata*

Plaintiff has previously filed a lawsuit in this Court concerning her employment with the University, which was dismissed with prejudice. *See Faltas v. USC*, 3:94-1578-DWS. Although the underlying merits of Plaintiff's claims were not reached in the prior case, the legal doctrine of *res judicata* still applies to bar her current case.[5]

> "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." It is well established in this circuit that the application of res judicata requires a showing of the following three elements: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits."

---

[4]Section 15-3-530(5) provides that "an action for any injury to the person or rights of another, not arising on contract and not enumerated by law," must be brought within three years.

[5]*Res judicata* is also referred to as "claim preclusion." *See* Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir.), *cert. denied*, 498 U.S. 900 (1990).

5

*Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 773 (1991) (*quoting Montana v. United States*, 440 U.S. 147, 153 (1979). The doctrine also bars litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991). A plaintiff may not bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of her claims arise from the same operative facts. The decision *Faltas v. USC*, 3:94-1578-DWS, operated as a final judgment on the merits. *See Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir.), *cert. denied*, 498 U.S. 900 (1990). The identities of the relevant parties are the same, as Plaintiff again sues the President of the University, which she now claims violated her civil rights. Thus, the only question before the Court is whether there is "an identity of the cause of action in both the earlier and the later suit." Two causes of action are the same if "the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Keith*, 911 F.2d at 740. In the letter dated November 3, 2006, addressed to Dr. Andrew A. Sorenson, President of the University attached to the Complaint, Plaintiff alleges she "was denied my certificate and terminated under false pretexts of unsatisfactory performance." Plaintiff's prior employment discrimination action and her current civil rights claim "arise out of the same transaction or series of transactions" and therefore are barred by the doctrine of *res judicata*. **The Complaint should be dismissed with prejudice.  Motion For Preliminary Injunction**

Plaintiff also files a Motion for Preliminary Injunction. In determining whether to grant injunctive relief prior to trial, a court must consider four factors:

(a) The plaintiff's likelihood of success in the underlying dispute between the parties;

6

      (b)      whether the plaintiff will suffer irreparable injury if the injunction is not issued;
      (c)      the injury to the defendant if the injunction is issued; and
      (d)      the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir.2002) (*citing Blackwelder Furniture Co. V. Seilig Manufacturing Co.*, 550 F.2d 189, 193-95 (1977)).  The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Id.* (*citing Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 859 (4th Cir. 2001); *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir.1991)).

> If the balance of the hardships "tips decidedly in favor of the plaintiff," *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir.1991)(internal quotation marks omitted), then typically it will "be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation," *Blackwelder*, 550 F.2d at 195 (internal quotation marks omitted). But if the balance of hardships is substantially equal as between the plaintiff and defendant, then "the probability of success begins to assume real significance, and interim relief is more likely to require a clear showing of a likelihood of success." *Direx*, 952 F.2d at 808 (internal quotation marks omitted).

*Scotts*, 315 F.3d at *271*(footnote omitted).

Plaintiff cannot show that she will suffer irreparable injury if the preliminary injunction is not issued.  Plaintiff states in her motion "Plaintiff suffered great loss to her career and health from prior injustice.  She is trying to salvage what may be left of either and will suffer irreparable harm from delay."  In light of the fact Plaintiff has waited thirteen years to bring this civil rights action, she cannot show irreparable harm from any delay associated with the pendency of this case.  Without irreparable injury to Plaintiff, the Court cannot balance the likelihood of harm to the

plaintiff against the likelihood of harm to the defendant if the injunction were issued. Although the Court need not discuss the likelihood of Plaintiff's success in the underlying dispute, her case is barred both by the statute of limitations and *res judicata*, so cannot prevail. Plaintiff fails to show she is entitled to the extraordinary relief of a preliminary injunction. **The Motion for Preliminary Injunction should be denied.**

### Request For Change of Venue

The Complaint also requests:

> for the assignment of this case to a judge from outside this District and from outside the Fourth Circuit, if possible, because of the relationship of this District's Chief Judge to the University of South Carolina, the graduation of most of this District's judges and magistrate judges from said university's law school, and the involvement in an antecedent case of a judge of this District who has since been elevated to the Fourth Circuit.

No special venue provision is contained in the Civil Rights Act, thus, the general venue provisions of 28 U.S.C. § 1391(b) apply to this civil rights action. Title 28 U.S.C. § 1391(b) states:

> Action may be brought in judicial district (1) where any defendant resides, if all defendants reside in same state; (2) where a substantial portion of the events underlying the claim occurred; or (3) where any defendant may be found, if the action cannot otherwise be brought in any other district.

This Court is the correct venue for this case pursuant to 28 U.S.C. § 1391(b). Plaintiff's broad assertion that venue should be changed based on the relationship of this District's Chief Judge to the University, although he is not involved in this case, is meritless. Also manifestly meritless is the even more expansive assertion that "the graduation of most of this District's judges and magistrate judges from said university's law school" requires a change of venue in this case. Plaintiff states her concern that a district judge assigned to her prior case now sits on the Court of Appeals for the Fourth Circuit. This issue does not relate to proper venue, but rather a potential issue of recusal.

Plaintiff states no valid arguments for changing the venue of this case. **Plaintiff's request for change of venue should be denied.**

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *with prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

It is further recommended that Plaintiff's Motion for Preliminary Injunction be **denied**; and her request for change of venue be **denied**.

Plaintiff's attention is directed to the important notice on the next page.

                                              Respectfully submitted,

                                              s/Joseph R. McCrorey
                                              United States Magistrate Judge

March 20, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).